SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

CONSTANTINOS KAVVAS, as father and natural guardian of infant L.C.,

Plaintiff,

-against-

AMAZON.COM, INC.,

Defendant.

Index No.: 811858/2026E

The basis of venue is place of tort

## SUMMONS IN A CIVIL ACTION

To the above-named Defendant:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on the Plaintiff/Plaintiff's Attorney(s) within twenty (20) days after service of this summons, exclusive of the day of service, where service is made upon you personally within the state, or within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is the defendant's county of residency.

Dated: White Plains, New York
June 8, 2026

Yours etc.,

**LAW OFFICE OF MICHAEL H. JOSEPH, P.L.L.C.**

BY: ______________________
John V. Tait, Esq.
203 East Post Road
White Plains, New York 10601
(914) 574 8330

TO: Amazon.com, Inc.
440 Terry Ave N
Seattle, WA 98109

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

CONSTANTINOS KAVVAS, as father and natural guardian of infant L.C.,

Plaintiff,

-against-

AMAZON.COM, INC.,

Defendant.

Index No.: 811858/2026E

**VERIFIED COMPLAINT**
Jury Trial Demanded

Plaintiff, by and through his undersigned attorneys, Law Office of Michael H. Joseph PLLC, complaining of the Defendant, respectfully alleges, upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action sounding in negligence, strict liability, and product defect arising out of a lead poisoning incident leading to the injury of infant L.K., which occurred on or before November 2025 in the State of New York.

2. On December 17, 2024, Constantinos Kavvas ordered from Amazon.com a HGN Kitchen Faucet with pull down sprayer.

3. At 6:07 p.m., the same day, Amazon.com delivered the HGN Kitchen Faucet to Constantinos Kavvas at 4355 Martha Avenue, Bronx, NY 10470.

4. Constantinos Kavvas installed the HGN Kitchen Faucet in the sink in the basement of his abode, and used the basement sink on a regular basis to clean and soak a baby Brezza formula maker used to make food for infant L.K.

5. In November 2025, infant L.K. was diagnosed with severe lead poisoning.

6. Home inspections by government agencies were conducted to determine the source of lead causing infant L.K.'s lead poisoning.

7. On May 15, 2025, the United States Consumer Product Safety Commission ("CPSC") issued an alert that HGN kitchen faucets "were tested and found to contain lead that can leach into water at levels that can be particularly harmful to young children. The faucets were also found to leach other contaminants."

8. Amazon.com waited almost a full year before information Plaintiff of the CPSC warning.

9. Plaintiff alleges that Amazon.com, Inc., its subsidiaries, agents, sister corporations, and/or affiliates, were negligent in the testing, inspection, distribution, warning, labelling, and sale of the defective faucet, causing L.K.'s injury.

**PARTIES**

10. That at all times hereinafter mentioned, Plaintiff L.K. is and was a resident of the County of Westchester, State of New York.

11. That at all times herein mentioned, Defendant Amazon.com, Inc. ("Amazon") was and still is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in the State of Washington.

12. That at all times herein mentioned, the Defendant Amazon has an office and facility for the transaction of business located at 1080 Leggett Ave, Bronx, NY 10474.

13. That at all times relevant herein mentioned, Defendant Amazon was in the business of promoting, selling, and distributing certain products, including the HGN Kitchen Faucet.

14. That on December 17, 2024, Defendant Amazon sold and delivered to Constantinos Kavvas, in the State of New York and County of Bronx, a HGN Kitchen Faucet with Pull Down Sprayer (hereinafter the "Product").

15. That on December 17, 2024, Defendant Amazon delivered the Product to Constantinos Kavvas, in the State of New York and County of Bronx, a 4355 Martha Avenue, Bronx, NY 10470.

16. On or about, May 15, 2025, the Consumer Product Safety Commission issued a consumer report, bearing release number 25-269, warning that HGN brand kitchen faucets: "The faucets were tested and found to contain lead that can leach into water at levels that can be particularly harmful to young children. The faucets were also found to leach other contaminants."

17. On November 20, 2025, during his one-year checkup, Infant L.K. was diagnosed with increased lead levels in his blood.

18. The HGN brand kitchen faucet caused lead contamination in the Brezza formula maker, which caused lead contamination in infant L.K.

19. On May 7, 2026, Amazon issued a warning about the 2025 Consumer Product Safety Commission notice to Constantinos Kavvas.

**FIRST CAUSE OF ACTION**
**(Negligence)**

20. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "19" of this Complaint, with the same force and effect as though more fully set forth at length herein.

21. That at all times hereinafter mentioned, Defendant Amazon was in the business of marketing, distributing, labeling, selling, promoting, and/or warning products which were and still are sold in the State of New York to various municipalities, individuals, and companies for deployment, operation, or use, and held itself out to the general public as knowledgeable and skillful in said areas.

22. Constantinos Kavvas detrimentally relied on the continued performance of the Defendant's duties to provide a safe and non-defective Product and to ensure the safety and suitability of the Product it sold.

23. Defendants, their servants, agents and/or employees were negligent and careless in failing to properly educate, warn, train, label, and sell the aforementioned Product and were negligent and careless in the warning, educating, distribution, labeling, sale promotion, and notification of the CSPC recall of the Product which the Defendant knew or should have known that the Product was dangerous and harmful and capable of causing severe injuries and possible death to human beings.

24. By and through the foregoing, Defendants sold and distributed the Product which was in an unreasonably dangerous and hazardous condition.

25. Defendant, in failing to exercise reasonable care in the performance of its duties and selling, marketing, and distributing a defective and dangerous Product, launched a force or instrument of harm against Plaintiff L.K.

26. The negligence of the Defendants consisted of negligently, carelessly and improperly selling, distributing, maintaining, servicing and/or warning about the aforesaid Product;; in causing, allowing and permitting said Product to be used by members of the general public, including Plaintiff; in selling and distributing the aforesaid Product without taking into

consideration basic human engineering principles; in selling and placing into the stream of commerce the Product in a dangerous and careless manner; in failing to discover that the said Product was in a defective and dangerous condition; in failing to see that the Product was not in a safe and reasonable condition for the use for which it was designed; in causing, allowing, and permitting the aforesaid Product to be unfit for the purposes for which it was designed, marketed and the purposes for which it was sold; and in failing to provide adequate warning to any user that the Product was or could easily become dangerous, unsafe and/or defective instrumentality; and in failing to provide adequate protection against a person so as to minimize the damage or avoid a catastrophe such as that experienced by the L.K. Plaintiff herein.

27. Defendant failed to properly advise with respect to dangers that Defendant knew, or should have known, existed and which presented a risk to Plaintiff and those similarly situated to the Plaintiff, and failed to exercise that degree of care which a reasonably prudent person would have exercised in like circumstances.

28. The Defendant had actual notice and/or constructive notice of the defective and dangerous conditions prior to the continued happening of the lead exposure from May of 2025 alleged herein and/or caused said dangerous conditions.

29. Solely by reason of the negligence of the Defendants, its breach of its non-delegable duties to Plaintiff, and its breach of warranties, Plaintiff L.K. suffered injuries due to the toxic exposure to lead, the full extent of which is not yet known; he sustained internal injuries, the full extent of which is not yet known; he sustained severe injury and shock to his nerves and nervous system, the full extent of which is not yet known; he has in the past required and will in the future require medical treatment, care and attention; he has in the past and will in the future be obliged to expend monies and incur obligations for medical care and attention; he

has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish for his injuries and disfigurement; and he has in the past been, presently is, and will in the future, incur other pecuniary losses.

**SECOND CAUSE OF ACTION**
**(Breach of Implied Warranty)**

30. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "29" of this Complaint, with the same force and effect as though more fully set forth at length herein.

31. That Plaintiff and/or members of the public relied upon the skill, knowledge, judgment, representations, and warranties of the Defendants in the distribution, labeling, promotion, education of, marketing, and sale of the Product.

32. That Defendant, its predecessors and agents, servants and/or employees violated and breached said warranties and said Product was not of good quality, was not free from defects, was not fit or merchantable, was not fit or suitable for all purposes intended, and was not designed in a good, safe and proper manner and was not manufactured, constructed, assembled, used, sold, distributed and maintained in a good, safe and fit manner or with good, safe, fit or merchantable components.

33. The fact that said Product was not merchantable, unfit for the purposes intended and had latent defects therein could not be discovered by Plaintiff until Plaintiff was seriously injured as alleged herein.

34. As a result of the Defendants' breach of its implied warranties, Plaintiff was caused to sustain the aforementioned serious and severe personal injuries.

**THIRD CAUSE OF ACTION**
**(Strict Product Liability)**

35. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "34" of this Complaint, with the same force and effect as though more fully set forth at length herein.

36. Defendant is engaged in the business of selling, manufacturing, assembling, and marketing products, including the Product at issue.

37. The Product utilized by Plaintiff was in a defective condition which was dangerous to users or operators such as Plaintiff.

38. Defendant herein, its servants, agents and/or employees, was negligent and careless in failing to properly test, promote, advertise, market, and warn about the aforementioned Product and were negligent and careless in the warning, testing, inspection, distribution, labeling, sales promotion, selling, service and/or repair of the Product which was not safe for the intended purpose and was not free from design and manufacturer's defects and which failed to give adequate warnings, notice, educational information and directions for safety and use, and the Defendant was otherwise negligent and careless.

39. The Product failed to perform in accordance with the expectations of the Plaintiff.

40. The defective condition which caused the injuries to Plaintiff was not open and obvious and could not have been ascertained or known to the Plaintiff or have been perceived as dangerous by the exercise of reasonable care and the dangers and defects in said Product were inherent.

41. At the time of the occurrence herein, the Product was being used for the purpose and in the manner normally intended and reasonably could be expected to be used, and the Plaintiff was unaware of any design or manufacturing defects or inadequate warnings or directions for use or of any danger associated with the Product's use.

42. The Defendant sold and delivered the Product in a defective condition unreasonably dangerous to Plaintiff and all persons similarly situated to Plaintiff.

43. As a proximate cause of Defendant's sale of the defective Product, Plaintiff sustained the aforementioned serious personal and permanent injuries.

44. Defendant is strictly liable to Plaintiff for his injuries.

45. That this action falls within one or more of the exceptions as set forth in C.P.L.R. § 1602.

46. The amounts sought herein exceed the jurisdictional limits of all Courts of lesser jurisdiction.

**WHEREFORE,** Plaintiff demands judgment against the Defendant Amazon for compensatory and punitive damages in an amount to be determined by the trier of fact, along with costs, interest and disbursements.

Dated: White Plains, N.Y.
June 16, 2026

Yours etc.,

**LAW OFFICE OF MICHAEL H. JOSEPH, P.L.L.C.**

BY: ______________________

John V. Tait, Esq.
203 East Post Road
White Plains, New York 10601
Tel: (914) 574 8330
Fax: (914) 358-5379

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

CONSTANTINOS KAVVAS, as father and natural guardian of infant L.C.,

Plaintiff,

-against-

AMAZON.COM, INC.,

Defendant.

Index No.: 811858/2026E

**VERIFICATION**

I, CONSTANTINOS KAVVAS, the undersigned, am the Plaintiff in the within action; I have read the foregoing VERIFIED COMPLAINT or have had it explained to me in my native language and know the contents thereof; the same are true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matter I believe them to be true.

The grounds of my belief as to all matters not stated upon my own knowledge are the reports, records, memoranda in my file together with my own investigation.

I affirm this 16 day of June, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, except as to matters alleged on information and belief and as to those matters I believe it to be true, and I understand that this document may be filed in an action or proceeding in a court of law.

CONSTANTINOS KAVVAS